IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: SUBPOENA OF AMERICREDIT §
FINANCIAL SERVICES, INC. §
§
§
§
BOBBIE A. SCHEEL-BAGGS §
§
Plaintiff, § NO. 3-08-MC-072-L
§
VS. §
§
BANK OF AMERICA d/b/a FIA §
CARD SERVICES, NA, ET AL. §
§
Defendants. §

## MEMORANDUM ORDER

AmeriCredit Financial Services, Inc. ("AFS") has filed a motion to quash a Rule 45 subpoena duces tecum issued by this court at the request of Bobbie A. Scheel-Baggs, the plaintiff in a lawsuit pending in Wisconsin federal court. The subpoena requires AFS, a non-party to the Wisconsin litigation, to produce:

> [A]ll records in your control or possession regarding Plaintiff's auto finance application . . . including, but not limited to, the credit report upon which you based your credit decision as well as the specific reasons you denied credit, including but not limited to, the scoring model used and the rank of each reason and each reason.

(AFS Mot., Exh. A at 2).[1] After the motion was filed, AFS provided plaintiff with a copy of her

---

[1] The court initially questioned whether the subpoena, which specifies the "Consumer Justice Center, 367 Commerce Court, Vadnais Heights, MN," as the place of production, was properly issued by a Texas federal court. *See* FED. R. CIV. P. 45(a)(2)(C) (a subpoena "for production or inspection, *if separate from a subpoena commanding a person's attendance*," must issue "from the court for the district where the production or inspection is to be made") (emphasis added). Despite this observation, AFS insists that this court is the proper forum for deciding this dispute. (*See* Jt. Stat. Rep. at 3, §(e), *citing* FED. R. CIV. P. 45(c)(3)(B)(i)). Therefore, AFS has waived any argument that the subpoena was issued by the wrong court.

credit report and agreed to authenticate certain documents attached to the subpoena. (*See* Jt. Stat. Rep. at 2, §(c)). However, AFS refuses to produce any other documents, including its "scoring model," on the grounds that such information is protected from disclosure as a trade secret. The parties have briefed their respective positions in a Joint Status Report filed on June 27, 2008, and the motion is ripe for determination.

Fed. R. Civ. P. 45(c) provides, in pertinent part:

> To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information[.]

FED. R. CIV. P. 45(c)(3)(B). As the party opposing discovery, AFS has the initial burden of establishing that the information sought by plaintiff is a trade secret and that its disclosure might be harmful. *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 391 (N.D. Tex. 2003) (citing cases). AFS recognizes its burden in this regard. (*See* Jt. Stat. Rep. at 4, §(e)). However, instead of presenting evidence showing that the documents withheld from production are trade secrets, AFS states that it will provide such evidence at a later date. (*Id.*).

The subpoena at issue was received by AFS on May 22, 2008. A motion to quash the subpoena was filed on June 16, 2008. Prior to filing the motion, AFS either knew or should have known that it would be required to prove that the documents withheld from production are trade secrets. Yet AFS did not present any affidavits or supporting evidence with its motion. On June 19, 2008, the court ordered counsel for both parties to confer in an attempt to resolve this dispute and, if no agreement could be reached, to file a joint status report by June 27, 2008. *See* Order, 6/19/08 at 2. The order plainly states:

> The purpose of a joint status report is to enable the court to determine
> the respective positions of each party regarding the subject matter of
> a discovery dispute. To this end, the parties should present their
> arguments and authorities in the body of the report. *Supporting
> evidence and affidavits may be submitted in a separate appendix.* If
> further briefing is desired before any unresolved matters are set for a
> hearing, the joint status report must indicate why the party requesting
> further briefing could not fully present its arguments and authorities
> in the report.

*Id.* (emphasis added). The order further provides that "[t]he court intends to rule on any unresolved issues based on the written submissions of the parties, including the joint status report." *Id.* at 3. Notwithstanding these clear instructions, and the fact that AFS had more than five weeks after being served with the subpoena in which to obtain evidence establishing that the documents withheld from production are trade secrets, no evidence was filed with the joint status report. Instead, AFS promises the affidavit of an unidentified representative within seven days. The only explanation for this failure of proof is counsel's conclusory assertion, unsupported by any evidence, that the "necessary affiant was not available to provide testimony prior to the date for the Joint Status Report." (Jt. Stat. Rep. at 4, §(e)). The court rejects this explanation and AFS's unilateral attempt to modify the schedule and procedures established by the court for resolving this discovery dispute.

Accordingly, AFS's motion to quash subpoena duces tecum [Doc. #1] is denied. AFS shall comply with the subpoena by **July 21, 2008.**

SO ORDERED.

DATED: June 30, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE